ANSTEAD, Judge,
dissenting.
I would reverse, not only because I find insufficient evidence of a consent to search as found by the trial court, but also because I find the trial court’s factual findings to be conflicting. The trial court held that the appellant was detained at the time of the search, yet found the detention played no role in the “consent” to search. Both officers testified that at some point during the detention they both decided they were going to conduct a routine pat-down of appellant for their own safety. One testified that she asked appellant to turn around for the pat-down and he did. The other officer testified that he asked the appellant if he would “mind” being patted down and the appellant agreed, and was then told to turn around, etc. This testimony, coupled with the trial court’s finding of a prior detention, reflects nothing more than appellant’s compliance with apparent police authority, and hardly constitutes an independent legal basis for a search. Since there was no other justification to search, I would reverse and direct that the motion to suppress be granted.